UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| Christopher Joseph Francis, | ) | C/A No.   4:12-318-MGL-TER |
| a/k/a Christopher J. Francis | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| South Carolina DPP., | ) | |
| | ) | |
| Respondent. | ) | |

_____

Petitioner, Christopher Joseph Francis (Petitioner/Francis), is not currently incarcerated as

he was released by the SCDC on September 1, 2010, and completed community supervision on

March 10, 2012. (Doc. # 12). Petitioner appearing *pro se*, filed his petition for a  writ of habeas

corpus pursuant to 28 U.S.C. § 2254[1] on February 2, 2012. Respondent filed a motion for summary

judgment on April 27, 2012, along with a return, supporting memorandum and exhibits. (Docs. #11

and #12). The undersigned issued an order filed May 1, 2012, pursuant to Roseboro v. Garrison, 528

F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the

possible consequences if he failed to respond adequately. (Doc. #13). Petitioner filed a response in

opposition on May 21, 2012.

On December 18, 2012, this court issued an Order directing the parties to inform the court

of the status of Petitioner's PCR Appeal before the South Carolina Supreme Court, which was

pending at the time the initial return and memorandum was filed, and to provide the court with

_____

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate
Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC.
Because this is a dispositive motion, this report and recommendation is entered for review by the
district judge.

copies of any state court order and remittitur. On December 20, 2012, Respondent filed a supplement to the initial Return and memorandum asserting that the Supreme Court of South Carolina granted an opportunity to seek a belated appeal review of the prior 2007 PCR order on August 23, 2012. (See doc.#31 with attachments). The Supreme Court of South Carolina then denied review on any issue from the 2007 order and issued the remittiur on September 11, 2012. (Id.). Respondent asserts that in light of the conclusion of the state PCR appeal, Respondent no longer relies on the exhaustion argument but maintains the action is barred by the statute of limitations. Petitioner filed a supplement on January 4, 2013, asserrting that he did not receive a copy of this court's order of December 18, 2012, and arguing that he is entitled to relief on the merits of his petition. (Doc. #32).

## PROCEDURAL HISTORY

The procedural history as set out by the Respondent has not been seriously disputed by the Petitioner. Therefore, the undisputed procedural history as stated by the Respondent is set forth herein, quoted verbatim, in part.

Petitioner is presently not under supervision or in custody.[2] He was released by the South Carolina Department of Corrections on September 1, 2010, and completed his community supervision on March 10, 2012. Petitioner challenges his state custody and conviction pursuant to his 2002 guilty plea to armed robbery and possession of a weapon during the commission of a violent

crime.

---

[2] Respondent asserts the custody requirement is not at issue in this case. (Respondent's memorandum, p. 2, footnote, 1).

A Lancaster County Grand Jury indicted Petitioner in April 2002 for armed robbery and possession of firearm during commission of a violent crime. Ross Burton, Esq., represented Petitioner on the charges. On October 9, 2002, Petitioner pleaded guilty, under negotiated terms, to the minimum sentence of ten (10) years for armed robbery and five (5) years, concurrent, for the weapons charge. The Honorable Kenneth Goode heard and accepted the plea. Judge Goode sentenced Petitioner as negotiated. (Attachment 1, PCR Appendix, p. 36).        Petitioner attempted to appeal; however, he failed to comply with service requirements and the South Carolina Court of Appeals dismissed the appeal on November 6, 2002, and issued the remittitur on November 22, 2002. (Attachment 2).

On May 22, 2003, Petitioner filed his first post-conviction relief ("PCR") application alleging unspecified ineffective assistance of counsel. (Attachment 1, PCR Appendix, pp. 39-45). Petitioner filed a second PCR application in October 2003, adding an allegation of a Fourth Amendment violation. (Attachment 1, PCR Appendix, pp. 46-56). The two actions were consolidated on December 29, 2003. (Attachment 3). The State made its return on June 14, 2004. (Attachment 1, PCR Appendix, pp. 57-60). William R. Sims, Esq., represented Petitioner.

On February 28, 2007, the Honorable Brooks P. Goldsmith held an evidentiary hearing on the allegations. (Attachment 1, PCR Appendix, p. 62). Judge Goldsmith took the matter under advisement at the close of the hearing. (Attachment 1, PCR Appendix, p. 116). On April 20, 2007, Judge Goldsmith issued an order denying relief. (Attachment 1, PCR Appendix, pp. 118-127). Petitioner attempted a late *pro se* appeal; however, the Supreme Court of South Carolina dismissed the appeal on July 25, 2008, for failure to comply with state procedure, and issued the remittitur on August 12, 2008. (Attachment 4).

3

On August 25, 2008, Petitioner filed another PCR action claiming ineffective assistance of PCR counsel and seeking a belated appeal of his first PCR. (Attachment 1, PCR Appendix, pp. 129-135). The State made its return and moved to dismiss the action on January 23, 2009. (Attachment 1, PCR Appendix. pp. 146-151). The action was originally dismissed, but reinstated by consent. (Attachment 1, PCR Appendix, pp. 152-155; pp. 168-169). A hearing on the application was held on February 9, 2010, before the Honorable Brooks P. Goldsmith. (Attachment 1, PCR Appendix, p. 156). Charles T. Brooks, III, Esq., represented Petitioner in the action. Judge Goldsmith found that the Attorney General consented to a belated appeal from Petitioner's first PCR action. (Attachment 1, PCR Appendix, p. 169). On March 9, 2010, Judge Goldsmith issued a formal order granting the belated appeal. (Attachment 1, PCR Appendix, pp. 172-176). Petitioner subsequently filed the belated appeal.

Wanda H. Carter, Deputy Chief Appellate Defender of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represents Petitioner on appeal. On June 27, 2011, appellate counsel filed a petition for writ of certiorari to secure appellate review. (Attachment 5).Counsel also filed a <u>Johnson</u>[3] Petition for Writ of Certiorari, pursuant to <u>Austin v. State</u>, and presented the following issue for belated review:

> Trial counsel erred in failing to consult sufficiently with petitioner prior to the plea proceeding.

(Attachment 6, p. 2).

Appellate counsel also filed a petition to be relieved of appointment as, "[i]n her opinion seeking certiorari from the order of dismissal [was] without merit." (Attachment 6, p. 6). By letter

---

[3] <u>Johnson v. State</u>, 294 S.C. 310, 364 S.E.2d 201 (1988)

dated June 28, 2011, the Clerk of the Supreme Court of South Carolina advised Petitioner of his

right to file a *pro se* response to the petition, and "raise and argue any issues you believe the Court

should consider in this appeal." (Attachment 7). The State submitted a letter in lieu of a formal

response on June 28, 2011. (Attachment 8). On or about August 11, 2011, Petitioner submitted a

"Response to Johnson Petition," and raised the following additional issues:

> 1.      The PCR court's findings of fact are clearly erroneous as there is no reliable
>         evidence [i]n the record to support said findings thus invalidating any legal
>         conclusions made based upon those unsupported facts.
>
> 2.      Trial counsel erred in failing to move to supress [sic] evidence that was
>         obtained in violation of the Fourth Amendment and allowing Petitioner to
>         plead guilty without knowledge of the law in relation to the facts of his case.

(Attachment 12, p. 2).

The Supreme Court of South Carolina granted the petition for a writ of certiorari from the

2010 order and proceeded with an <u>Austin</u> review of the 2007 order. The South Carolina Supreme

Court issued an Order on August 23, 2012, denying the petition from the 2007 order and granting

counsel's request to withdraw. The remittitur was issued on September 11, 2012. (Doc. # 31-1 and

#31-2).


## **<u>GROUNDS FOR RELIEF</u>**

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds:

GROUND ONE:                 Petitioner's 1st, 5th and 14th Amendment rights were
                            violated due to overall 9 years of delay/inaction in his
                            state collateral remedy.

GROUND TWO:                 Trial counsel was ineffective render [sic] guilty plea
                            involuntary.

(Petition).

## SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable

6

to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4ᵗʰ Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4ᵗʰ Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4ᵗʰ Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4ᵗʰ Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4ᵗʰ Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## ANALYSIS

Respondent argues in the motion for summary judgment that the entire petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

Petitioner argues that his petition should not be dismissed as untimely because he was granted a belated appeal on his first PCR application making the Respondent's "gap" theory fail.

7

Petitioner also argues in his response to the motion for summary judgment that he should be entitled to equitable tolling.

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[4] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[3] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

> (2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner pleaded guilty in state court on October 9, 2002. Petitioner attempted to file an appeal but failed to comply with the service requirements so that it was dismissed by the South Carolina Court of Appeals on November 6, 2002. Therefore, since Petitioner did not properly perfect  a direct appeal, his state court conviction became final on October 21, 2002.[5]  Petitioner had one year from this date to file his federal habeas corpus action unless the period was at any time tolled. *See, e.g., Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998).

Petitioner filed his first PCR application on May 22, 2003. Therefore, at least two hundred and thirteen (213) days elapsed between the conviction becoming final and the time the PCR was filed. An Order of Dismissal as to his first PCR application was entered on April 25, 2007. Petitioner did not appeal the dismissal of his PCR application. Since Petitioner did not thereafter file an appeal of the dismissal of his first PCR, the dismissal became final for limitations purposes, at the latest May 25, 2007.[6] Petitioner did not file his second PCR application until August 25, 2008. Therefore,

---

[5] October 19, 2002, was a Saturday.

[6]

  Unlike Petitioner's conviction, which did not become final until ten (10) days later when the time to appeal expired, it is not clear whether the limitations period is tolled under 28 U.S.C. § 2244 for the time period in which a petitioner could have, but did not, seek an appeal of a PCR court order. The tolling of Petitioner's PCR time period is based on 28 U.S.C. § 2244(d), which provides that the statute is tolled during the time the post-conviction or collateral petition is pending. There is authority that the time is not tolled during the time period to seek an appeal unless Petitioner actually pursues an appeal.  See 28 U.S.C. § 2244; Ballenger v. Mauney, No. 07–496, 2008 WL 725546 at * 3 (D.S.C. Mar. 17, 2008) (Where Petitioner did not seek appellate review, the PCR order was final on the date that it was issued). However, there also is authority  that the time should be tolled during this time period even if Petitioner does not appeal the PCR court order. See Gibson v. Klinger, 232 F.3d 799, 803–804 (10th Cir.2000)("[R]egardless of whether a petitioner actually appeals a denial

9

at the time Petitioner filed his second PCR application, the AEDPA limitations period had expired.

(May 25, 2007, to August 25, 2008, is 458 days of non-tolled time). Therefore, Petitioner's time for

filing his federal habeas petition already had expired before he filed the second PCR application.[7]

Even though Petitioner was granted a belated <u>Austin</u>[8] appeal of the dismissal of his first PCR, the

petition still is  untimely since the federal statute of limitations expired prior to Petitioner filing his

---

of a post-conviction application, the limitations period is tolled during the period in which petitioner could have sought an appeal under state law."). However, it is not necessary for this court to reach a decision on this issue because even assuming that the time period was tolled during this time, it would not affect the outcome in this case. Thus, for this discussion, the undersigned has included the time for appeal in the tolling period, which is thirty (30) days. See Rules 203(b)(1), SCACR.


[7]  The court is mindful of the Supreme Court's opinion in <u>Jimenez v. Quarterman</u>, 555 U.S. 113, 129 S.Ct. 681, 683–687, 172 L.Ed.2d 475 (2009), but concludes that it does not affect the analysis in this case. In <u>Jimenez</u>, the Supreme Court held that when a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, before the defendant has first sought federal habeas relief, the date of finality of the conviction and the commencement of the limitations period is the conclusion of the out-of-time appeal, or the expiration of time for seeking review of that appeal. However, a subsequent motion for a belated appeal in a state PCR action does not retroactively toll the statute back to the filing date of the original APCR. <u>See</u> <u>Moore v. Crosby</u>, 321 F.3d 1377, 1381 (11th Cir.2003) [holding a motion seeking a belated appeal in Florida state court did not revive an expired AEDPA]; <u>Melancon v. Kaylo</u>, 259 F.3d 401, 407 (5th Cir.2001) [holding that after the appeal period has lapsed, an application for further appellate review ceases to be "pending" for purposes of calculating federal habeas corpus tolling provision); <u>Gibson v. Klinger</u>, 232 F.3d 799, 804–808 (10th Cir.2000) (concluding that a "state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court); <u>Fernandez v. Sternes</u>, 227 F.3d 977, 981 (7th Cir.2000) (holding that while a state process may be reviewed after the time to seek further review has expired, "the prospect of revival does not make a case 'pending' in the interim."); <u>Small v. Norris</u>, No. 08–273, 2009 WL 1529463 at *2 (E.D.Ark. June 1, 2009) (Time period between the expiration of time to file an appeal and the filing of a motion for a belated appeal is not tolled under § 2244). Accordingly, the authority is against tolling during the time period in which he had no petition pending after the dismissal of his first APCR.


[8] <u>Austin v. State</u>, 305 S.C. 453, 409 S.E.2d 395 (1991).

second PCR application.  See McHoney v. South Carolina, 518, F. Supp. 2d 700 (D.S.C. 2007)[9];

---

[9] See McHoney v. South Carolina, 518 F. Supp. 2d 700 (D.S.C. 2007) which held as follows:

> In a much-cited case factually similar to the one at bar, the Eleventh Circuit addressed whether a state court's granting of a belated appeal from the denial of post-conviction relief tolled the idle period between the expiration of time to appeal and the grant of the late appeal. Moore v. Crosby, 321 F.3d 1377 (11th Cir.2003). The Eleventh Circuit reasoned that "the pivotal issue in this appeal is how long the petitioner's state application was 'pending' within the meaning of the [AEDPA]." Id. at 1379 (citing 28 U.S.C. § 2244(d)(2)). The Court cited Melancon v. Kaylo, 259 F.3d 401, 407 (5th Cir.2001), in which the Fifth Circuit considered "whether the Petitioner's federal petition was timely [and] found that, at the point when the state limitations period expired, the Petitioner was not entitled to further appellate review and, therefore, he had no application 'pending' in state court." Moore, 321 F.3d at 1380. Adopting the Fifth Circuit's reasoning, the Eleventh Circuit found that while "state court's subsequent decision to permit review may toll the time relating to the application, it does not change the fact that the application was not pending prior to the filing of the application." Id. The Moore Court concluded that the AEDPA's § 2244(d)(2) statutory tolling provision does not encompass the period of time in which a state prisoner does not have a "properly filed" post-conviction application actually pending in state court. Id. Furthermore, the Court explained that "a state application filed after expiration of the limitations period does not relate back so as to toll idle periods preceding the filing of the federal petition." Id. In other words, once the state-mandated time in which to appeal the denial of the APCR has run, the APCR is no longer "pending," even if the state court later allows the untimely appeal. The Eleventh Circuit found that this interpretation was consistent with Congress's intent to encourage exhaustion of state remedies without permitting Petitioner to indefinitely toll the limitations period. It explained that "a difference exists between giving a Petitioner credit for time needed to exhaust his state remedies prior to filing a federal habeas petition and 'retroactively tolling periods in which the Petitioner is not attempting to exhaust state remedies.' " Moore, 321 F.3d at 1381 (quoting Melancon. 259 F.3d at 407).

> The court finds the Eleventh Circuit's reasoning persuasive. In the case sub judice, Petitioner failed to timely appeal the denial of his first APCR. Despite his failure to timely file a notice of appeal, the state court allowed Petitioner to appeal the first APCR "on the merits" under Austin. However, the fact that the state court allowed a belated appeal does not make the notice of appeal "timely." After the time in which to appeal lapsed, Petitioner's application for further appellate review ceased to be "pending" for purposes of calculating the tolling of the federal limitations period. See Moore, 321 F.3d at 1381; Melancon, 259 F.3d at 407. As such, adopting the

<u>Israel v. McCall</u>, 2012 WL 3877669 (D.S.C. Sept. 6, 2012).

Further, Petitioner is not entitled to equitable tolling.  In the case of <u>Rouse v. Lee</u>, 339 F.3d

238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal
> criminal sentences, particularly in capital cases ... and to further the principles of
> comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398,
> 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted).
> Nevertheless, we have held that the AEDPA statute of limitations is subject to
> equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000).  As we
> held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
> > [A]ny invocation of equity to relieve the strict
> > application of a statute of limitations must be
> > guarded and infrequent, lest circumstances of
> > individualized hardship supplant the rules of clearly
> > drafted statutes.  To apply equity generously would
> > loose the rule of law to whims about the adequacy
> > of excuses, divergent responses to claims of
> > hardship, and subjective notions of fair
> > accommodation.  We believe, therefore, that any
> > resort to equity must be reserved for those rare
> > instances where--due to circumstances external to
> > the party's own conduct--it would be
> > unconscionable to enforce the limitation period
> > against the party and gross injustice would result.
>
> <u>Id</u>. Principles of equitable tolling do not extend to garden variety claims of excusable

---

logic of <u>Moore</u>, no collateral action was "pending" during the 552 day interim
between the denial of Petitioner's first application for PCR and the filing of
Petitioner's second PCR application. Accordingly, the AEDPA's limitations period
was not tolled during this time, and Petitioner's habeas petition was not timely filed.
This holding is consistent with both the clear meaning and the underlying policy of
the AEDPA § 2244(d)(2).

neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice).  Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.)  The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P.  6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.)  The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

*Id.* at 246-247.

To obtain equitable tolling, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Marengo v. Conway,  342 F. Supp. 2d 222, 230 (S.D.N.Y. 2004). Here, Petitioner fails to demonstrate that he is entitled to equitable tolling. Petitioner has filed three prior federal habeas actions, (C/A Nos. 4:05-cv-2726 , 4:08-cv-3871, 4:10-1663), which have been dismissed without prejudice to allow exhaustion of state remedies.[10]   Petitioner allowed more than a year to elapse between the Order of Dismissal of his first PCR application and the filing of his second PCR Application, in which he was granted a

---

[10] Petitioner filed subsequent appeals to the Fourth Circuit appealing the orders of dismissal. The Fourth Circuit dismissed the appeals.

belated appeal.[11] Therefore, the record does not support equitable tolling in this action. Petitioner

fails to show diligence in regard to his first PCR action or that some "extraordinary circumstance"

prevented him from filing.

Based on the above reasons, the undersigned finds that the petition is barred by the statute

of limitations, and Respondent's motion for summary judgment should be granted.

### CONCLUSION

As set out above, the Petitioner's federal habeas corpus petition should be dismissed as it is

barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #11) be

GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

It is further recommended that any outstanding motions be deemed MOOT.

Respectfully Submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
January 7, 2013                      United States Magistrate Judge
Florence, South Carolina

---

[11] In his response to the motion for summary judgment, Petitioner alleges he wrote a letter dated
June 11, 2007, to Judge Goode asking for his help asserting that he had not received a decision
from the PCR hearing before Judge Goldsmith and had not heard from his counsel. (Doc. # 23-1,
attachment of letter.). Petitioner asserted that the PCR judge stated at the conclusion of the
hearing that he would review the evidence "on Friday." Id. Therefore, Petitioner was requesting
information on the PCR  hearing so that he could "exercise his right to appeal." Petitioner asserts
he did not receive a response to this letter. However, Petitioner waited until August 25, 2008, to
file his second PCR application which was over a year after he wrote the letter.

**The parties' attention is directed to the important notice on the next page.**