# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Christopher Joseph Francis, ) | |
| a/k/a Christopher J. Francis, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 4:12-cv-318-PMD-TER |
| ) | |
| v. ) | |
| ) | **ORDER** |
| South Carolina DPP, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court upon Petitioner Christopher Joseph Francis's ("Petitioner") Objections to a United States Magistrate Judge's Report and Recommendation ("R&R") that Respondent South Carolina DPP's ("Respondent") Motion for Summary Judgment be granted and that Petitioner's 28 U.S.C. § 2254 petition be dismissed. Petitioner challenges his state custody and conviction pursuant to his 2002 guilty plea to armed robbery and possession of a weapon during the commission of a violent crime.[1] The Court has thoroughly reviewed the record, including Petitioner's Objections, and finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R and fully incorporates it into this order.

---

[1] Although Petitioner is not currently incarcerated and completed his community supervision on March 10, 2012, he was still serving community supervision at the time he filed his *pro se* habeas petition. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1988) (interpreting the statutory language as "requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed").

# STANDARD OF REVIEW

## I.     Magistrate Judge's R&R

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c).  The Magistrate Judge makes only a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report.  28 U.S.C. § 636(b)(1).  From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part.  *Id.*  Additionally, the court may receive further evidence or recommit the matter to the Magistrate Judge with instructions.  *Id.*  A party's failure to object is accepted as an agreement with the conclusions of the Magistrate Judge.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).  In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## II.     Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).  The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party.  *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-

moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991).

In applying this standard, the court is mindful that *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The liberal construction requirement, however, does not mean that the court can ignore a clear failure to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III.   Section 2254 Petitions

The court may grant habeas relief with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). As "a determination of a factual issue made by a State court shall be presumed to be correct," Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* § 2254(e)(1).

### DISCUSSION OF PETITIONER'S OBJECTIONS

The Magistrate Judge recommends dismissing Petitioner's claims because his petition is untimely under the one-year statute of limitations and because Petitioner has not established sufficient grounds for equitable tolling. Petitioner objects to both of these findings.

**I.     Timeliness Under 28 U.S.C. § 2244(d)**

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). The statute also provides for tolling of the statute of limitations during the pendency of post-conviction review ("PCR") and collateral review proceedings. 28 U.S.C. § 2244(d)(2).

Petitioner does not object to the Magistrate's finding that the one-year statutory period found in § 2244(d)(1)(A) began to run on October 21, 2002, and continued until Petitioner's filing of his first PCR application on May 22, 2003, statutorily tolled the time. Nor does Petitioner dispute the Magistrate's finding that 213 days elapsed between those two dates. The Court adopts the R&R's analysis of these issues and incorporates them into this Order.

Petitioner objects to the Magistrate's finding that the AEDPA limitations period resumed on May 25, 2007 (the date when the dismissal of Petitioner's first PCR became final) and

4

expired long before Petitioner filed his second PCR application on August 25, 2008, thus rendering his habeas petition untimely.[2] Petitioner argues that his first PCR remained pending until the South Carolina Supreme Court reviewed that PCR pursuant to *Austin v. State*[3] and issued an order on August 23, 2012. Thus, he argues that the statutory period should be tolled from May 22, 2003, until August 23, 2012. The Court disagrees.

The AEDPA statute of limitations is not tolled during the time between the conclusion of an initial PCR and the filing of an *Austin* PCR because there is no proceeding pending during that time. *See McHoney v. South Carolina*, 518 F. Supp. 2d 700, 705 (D.S.C. 2007) (holding that "once the state-mandated time in which to appeal the denial of the APCR has run, the APCR is no longer 'pending,' even if the state court later allows the untimely appeal"). Therefore, after Petitioner's time to appeal the denial of the first PCR lapsed on May 25, 2007, Petitioner's first PCR application ceased to be pending for purposes of calculating the tolling of the federal limitations period. *See id.* Thus, the statutory period began to run again on May 25, 2007, and the period ran out 152 days later on October 24, 2007. Accordingly, Petitioner's § 2244 petition, filed on February 2, 2012, was untimely under § 2244(d)(1)(A).

Petitioner also argues that his petition is timely under § 2244(d)(1)(B), which provides that the one-year period begins to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed." As many courts have explained, subsection (B) requires Petitioner to "show a causal connection between the unlawful impediment and his failure to file a timely *habeas petition*." *Bryant v. Arizona Att'y Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2007) (emphasis added); *see*

---

[2] The Magistrate found that there were 458 days of non-tolled time between May 25, 2007, and August 25, 2008.
[3] In *Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991), the South Carolina Supreme Court allowed a petitioner to file a late appeal of the denial of his PCR, where the failure to timely file the appeal was the result of the action or inaction of his attorney. *Id.* at 396.

*Winkfield v. Bagley*, 66 F. App'x 578, 582 (6th Cir. 2003) (finding that Petitioner must show "that the state action . . . prevented him from filing a habeas application" before the limitation period expired); *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 105 (D. Mass. 2001) ("Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the [federal habeas] petition.").

According to Petitioner, the unconstitutional state action was the state court's failure to serve him with notice of the order dismissing his first PCR, even though, he contends, it was the court's responsibility to make Petitioner aware of the pendency of the action. He further argues that the notice the court provided to Petitioner's PCR counsel was insufficient because the court knew that counsel had not been communicating with Petitioner. Even if this Court were to assume *arguendo* that the Petitioner has established unconstitutional state action, Petitioner has failed to show how this state action prevented him from filing a habeas petition before the limitation period expired. Accordingly, the Court concludes that Petitioner's habeas petition is untimely under § 2244(d)(1)(B).

## II.     Equitable Tolling

Petitioner objects to the Magistrate's recommendation that equitable tolling of the statute of limitations should not apply. In *Holland v. Florida*, 130 S. Ct. 2549 (2010), the Supreme Court held that § 2244(d) is subject to equitable tolling in appropriate cases. *Id.* at 2560. "To be entitled to equitable tolling, [Petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross

injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Moreover, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Accordingly, under the Fourth Circuit's "extraordinary circumstances" test, Petitioner is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. *Rouse*, 339 F.3d at 246. Petitioner must also show that he was prevented from filing despite exercising reasonable diligence in investigating and bringing the claims. *Harris*, 209 F.3d at 330.

"[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland*, 130 S. Ct. at 2564 (internal quotations and citations omitted). Furthermore, "unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling." *Bums v. Beck*, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (citing *Harris*, 209 F.3d at 330-32). Courts have found that "extraordinary circumstances" do not include: "having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness." *Jones v. South Carolina*, No. 4:05-2424-CMC-TER, 2006 WL 1876543, at *3 (D.S.C. June 30, 2006) (unpublished). However, extraordinary circumstances may be present in situations where a petitioner alleges abandonment "evidenced by counsel's near-total failure to communicate with petitioner or to respond to petitioner's many inquiries and requests over a period of several years." *Holland*, 130 S. Ct. at 2568 (Alito, J., concurring in part and concurring in judgment).

The Magistrate found that Petitioner failed to present circumstances sufficient to support equitable tolling because he failed to show diligence in regard to his PCR action or that some extraordinary circumstance prevented him from filing on time. Petitioner objects to this finding, claiming that the neglect of his court-appointed attorney, the silence of state officials to whom he wrote, and the failure of the court to give him notice that his PCR had been denied all constituted extraordinary circumstances sufficient to support equitable tolling. He further argues that he was diligent during the one-year period between April 20, 2007, when the state court denied his first PCR application, and April 20, 2008, when Petitioner received notice of that denial.[4]

This Court agrees with the Magistrate Judge that under the circumstances of this case, Petitioner is not entitled to equitable tolling. First, Petitioner has not identified "extraordinary circumstances" that justify equitable tolling. Petitioner asserts that his attorney neglected to tell him about the April 2007 dismissal of his PCR appeal. However, there is no evidence in the record that counsel's failure to inform Petitioner about the dismissal was anything more than a mistake, oversight, or "garden variety" negligence, which is insufficient to establish extraordinary circumstances. *See Holland*, 130 S. Ct. at 2564; *Jones*, 2006 WL 1876543, at *3. According to a statement Petitioner made in his June 2007 letter to Judge Golde, Petitioner once called counsel's office via the prison chaplain and left a message for counsel inquiring about the status of his PCR appeal, but he did not receive a response. There is no evidence that Petitioner attempted to make any other contact with counsel regarding the PCR appeal or that counsel was

---

[4] In support of this assertion, Petitioner attached the following documents to his Objections to the R&R: (1) a letter to Judge Goode dated June 11, 2007, in which Petitioner requests information about the status of his PCR appeal that was before Judge Goldsmith; (2) a certificate of service regarding a Writ of Mandamus he mailed to Judge Goldsmith on September 24, 2007; (3) the South Carolina Supreme Court's order dismissing that writ of mandamus; (4) a letter from the United States Supreme Court returning Petitioner's petition for extraordinary writ of mandamus; (5) the Certificate of Service by Mail acknowledging that on April 22, 2008, Petitioner was mailed a copy of the April 2007 Order of Dismissal of his PCR appeal; and (6) a note from the prison mail room clerk stating that there is no record in the legal logs that Petitioner received any legal mail in April or May 2007.

aware that Petitioner had not received notice of the dismissal.  *Cf. Holland*, 130 S. Ct. at 2564 (finding that extraordinary circumstances may be present where an attorney failed to provide notice of a case's disposition, to file a timely petition, and to communicate with the client over the course of several years, *despite the client's diligent, repeated written efforts to urge his attorney to do these activities*).  Instead of sending a letter to his counsel requesting information on the status of the PCR appeal, Petitioner sent such a letter to a judge who was not assigned to his case.  When Petitioner heard no response from the judge, Petitioner again failed to contact his attorney.  Instead, he filed a writ of mandamus against the judge assigned to his case, first in state court and then in federal court.   On this record, the Court finds that Petitioner failed to establish the extraordinary circumstances required to invoke equitable tolling.

Moreover, the Court agrees with the Magistrate Judge that Petitioner failed to show diligence in regard to his PCR action.  As explained above, Petitioner did not make repeated, diligent efforts to contact his attorney to inquire about the status of his appeal or to request that the attorney file a further appeal if the case ended in dismissal.  Although he wrote to Judge Goode in June 2007 to inquire into the status of his appeal, there is no evidence that he otherwise contacted the state court regarding the status of his appeal.  Instead, the record shows that after one phone message to his attorney and one unanswered letter to a judge not assigned to his case, Petitioner filed writs of mandamus against the judge assigned to his case.  Petitioner made no further efforts to learn the status of his appeal until he received notice of the dismissal in April 2008.  The Court concludes that Petitioner has not shown the "reasonable diligence" necessary to justify equitable tolling.  *Holland*, 130 S. Ct. at 2565 (suggesting that petitioner likely demonstrated "reasonable diligence" where he wrote his attorney numerous letters seeking crucial information and providing direction; repeatedly contacted state courts, their clerks, and

the state bar in an effort to have his attorney removed from his case; and "the *very day*" he discovered that his AEDPA clock had expired due to his attorney's failings, he prepared his own habeas petition and promptly filed it).

Petitioner's habeas petition was not filed within the time frame provided by 28 U.S.C. § 2244(d)(1), and Petitioner has not demonstrated the extraordinary circumstances and diligence required to justify equitable tolling. Accordingly, the Court concludes that Petitioner's habeas petition is untimely.[5]

## CONCLUSION

For the foregoing reasons, the Court agrees with the Magistrate Judge's Report and Recommendation that Respondent's Motion for Summary Judgment be **GRANTED** and that Petitioner's petition be **DISMISSED**. It is **FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[5] Even if the Court were to equitably toll the limitations period, Petitioner's claims would still fail on the merits. His first ground alleging that there were unconstitutional delays in his state PCR proceedings is not a cognizable claim in this habeas petition. *See Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) ("[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief.").

As for his second, and final, ground alleging ineffective assistance of trial counsel for failure to make a motion to suppress evidence, Petitioner's claim fails. Claims for ineffective assistance of counsel are governed by standards established in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a petitioner must show: 1) his attorney's performance fell below an objective standard of reasonableness and 2) petitioner suffered actual prejudice. *Id.* at 694. "In the context of a guilty plea, the petitioner must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Petitioner must also show that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Such determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. In the context of a 28 U.S.C. § 2254 petition, a petitioner must show that the state court applied the *Strickland* standard to the facts of the case in an objectively unreasonable manner. *Bell v. Cone*, 535 U.S. 685, 699 (2002). Upon review of the state court record, the Court concludes that the state court applied the *Strickland* standard to the facts of the case in an objectively reasonable manner, and that the PCR judge reasonably found that had counsel challenged the searches of the car and the house, or Petitioner's statement following his consent to interrogation, those challenges would have been unsuccessful. Accordingly, Petitioner's ineffective assistance claim is meritless.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**February 13, 2013**
**Charleston, SC**